**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
KURELL BROWN, *on behalf of himself and similarly situated individuals*,

        Plaintiff,

        -against-

DENIS PORTAEV, et al.,

        Defendants.
------------------------------------------------------------x

19-CV-4892 (LJL) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

For nearly three years, Plaintiff and *pro se* Defendants Evgeny Makarin and Aleksei Karpov have worked toward a resolution in this case but have been repeatedly hindered by *pro se* Defendant Denis Portaev's lack of diligence and participation. Because of his lack of responsiveness, this Court has ordered Portaev to Show Cause why a default judgment should not be issued against him **twice**. (ECF 85, 105).

After this Court granted Portaev's first counsel leave to withdraw (ECF 33), Portaev had failed to answer or otherwise appear in this action. (ECF 46). Following a pre-settlement call on July 28, 2020 (that Portaev did not attend), Plaintiff filed a Motion for Default Judgment against Portaev. (ECF 53). On August 26, 2020, new counsel submitted a notice of appearance on behalf of Portaev.[1] (ECF 57). By March 12, 2021, that counsel had withdrawn on the grounds of non-payment of legal fees. (ECF 76). The Court then gave Portaev thirty days to retain new counsel

---

[1] On December 1, 2020, District Judge Liman issued an Order to Show Cause against Defendant DCD Construction, noting that Portaev only appeared after Plaintiff moved for a default judgment against him. (ECF 65). Plaintiff's Motion for Default Judgment against DCD Construction was granted on March 18, 2021. (ECF 79).

or make his appearance *pro se* in this case. (ECF 76). He failed to do so. On April 23, 2021, I directed Portaev to Show Cause by May 7, 2022, why I should not recommend that his answer be stricken for failure to comply with the March 12, 2022 Order. (ECF 85). On May 10, 2021, Portaev appeared *pro se*. (ECF 89).

On July 21, 2021, I issued an Order requesting an appointment of pro bono counsel for all individual defendants, including Portaev, for purposes of facilitating settlement discussions. (ECF 101). On February 4, 2022, I ordered the parties to update the Court on the status of mediation. (ECF 103). The parties filed a joint letter, apparently without Portaev's participation. (ECF 104). Pro bono counsel was assigned and made contact with Defendants Karpov and Makarin. (ECF 104). It came to the Court's attention then that pro bono counsel could not reach Portaev because he was unresponsive. I issued a **second** Order to Show Cause by **May 20, 2022,** why I should not recommend that the Court strike Portaev's Answer so that Plaintiff could pursue a default judgment against him. (ECF 105). On July 6, 2022—nearly two months after the deadline—Portaev filed a letter stating that he intends to participate in mediation as a *pro se* litigant. Portaev is given one <u>**final**</u> opportunity to participate in this case.

This case was referred to the Court-annexed Mediation Program on July 21, 2021. (ECF 101). **The parties must complete mediation by September 30, 2022.** The mediation shall proceed regardless of Portaev's participation. **If Portaev fails to participate in the mediation, I <u>will</u> recommend that his Answer be stricken so that Plaintiff may pursue a default judgment against him.**

The parties are again notified that Local Rule 83.9 and the related Standing Order shall govern the mediation and are directed to participate in the mediation in good faith. The parties shall notify the Court of the mediation's outcome within 7 days of its completion.

Pro bono counsel for Defendants Karpov and Makarin is directed to serve a copy of this Order on Portaev and file proof of service of the same.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: July 20, 2022<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |