# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
212-374-0009
(fax)212-374-9931

November 23, 2022

Judge Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

      Re:    *Kurell Brown v. DCD Construction, LLC., Denis Portaev, Aleksei Karpov, and Evgeny Makarin*
            Case No.: 1:19-cv-04892-LJL-OTW(Settlement Approval)

Dear Judge Liman:

Plaintiff, Kurell Brown, ("Plaintiff"), and Defendants, DCD Construction, LLC., Denis Portaev, Aleksei Karpov, and Evgeny Makarin ("Defendants"), jointly request that Your Honor review and approve the settlement reached in this matter. A copy of the FLSA executed settlement agreement is annexed hereto as Exhibit "**1**".

## CLAIMS AND DEFENSES

      Plaintiff Kurell Brown was employed by the Defendants as a construction laborer for the Defendants' construction company from April 2018 until September 2018. Plaintiff Kurell Brown regularly worked fifty (50) hours per week. Plaintiff filed a complaint, alleging that Defendants failed to pay Plaintiff in accordance with the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act.

      Plaintiff and Defendants engaged in multiple settlement conferences before the court. Eventually, after much back and forth, the parties reached a bona fide arms-length settlement at mediation and now request the Court's approval of same.

## DEFENDANTS' RESPONSE

      In response to Plaintiff's allegations, Defendants denied each and every allegation and would have rebutted Plaintiff's claims with testimony from co-workers and contemporaneously produced documents showing fewer hours worked than Plaintiff claimed. Defendants maintained that their manner and method of wage payment to Plaintiff was statutorily compliant.

## SETTLEMENT AMOUNT

All claims for this matter were resolved through agreement by the Parties in the amount of $16,000.00, payable by the Defendants. Plaintiff Kurell Brown will receive $12,000.00, and Law Offices of James F. Sullivan will receive $4,000.00 in attorneys' fees and expenses for prosecuting this matter.

From April 2018 to September 2018, Plaintiff claimed that he worked fifty (50) hours per week, without being paid for all hours worked and the overtime premium for hours worked in excess of forty (40) hours in a work week. Therefore, Plaintiff's best case award would be unpaid wages at the overtime wage rate of $2,844.00; liquidated damages $2,844.00; late payments $21,528.00 and statutory damages in the amount of $10,000.00.

Thus, a total settlement of $16,000.00 is a fair and reasonable and reflects a compromise of Plaintiff's claim. The settlement resulted from an arms-length negotiation between experienced counsel, well versed in FLSA law and NYLL. The settlement, payable as set forth in the annexed Settlement Agreements, provides the Plaintiff with recovery and does away with the uncertainty of protracted litigation. Further, settlement does away with the financial burdens of further litigation on the Parties and conserves judicial resources.

## THE SETTLEMENT SHOULD BE APPROVED

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1351 n. 8 (11th Cir. 1982). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.*. Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received; however, his recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a total recovery of unpaid wages and liquidated damages, and the speed of payment, it is respectfully requested that the Court approve

the Parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* No. 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

## ATTORNEYS' FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $4,000.00 in attorney's fees and $400.00 in expenses for Plaintiff's claims. Pursuant to the retainer agreement, Plaintiff's counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind and the fee has been wholly contingent upon the result achieved.

Here the attorney fee which accounts for twenty-five percent of the total settlement amount, is consistent with contingency fee agreements that are commonly approved in the Second Circuit in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

In this case, of the total attorney fee amount of $4,000.00 payable to counsel, $400.00 is for expenses. The balance, $3,600.00, is for legal fees. This represents approximately 22% of the net settlement. All expenses were necessary for the prosecution off Plaintiff's claims. The legal fees are a fraction of our lodestar of approximately $21,930.00. Contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "**2**".

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

> The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar size firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Here, Plaintiff's attorney seeks an hourly rate of $500.00 for James F. Sullivan, Esq., an attorney and owner of the Law Offices of James F. Sullivan, P.C. ("JFS"). Mr. Sullivan is a 1996 graduate of St. John's University School of Law. Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United State District Court, Southern District (2008) and Eastern District (2018) of New York. Mr. Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002. Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts. Mr. Sullivan has also tried multiple bench trials and numerous arbitrations. Mr. Sullivan has a practice that is primarily focused on litigation of personal injury cases, FLSA actions and insurance claims.

Plaintiff's attorneys also seek an hourly rate of $500.00 for Lawrence Spasojevich, an attorney at the Law Offices of James F. Sullivan, P.C. Lawrence Spasojevich is a 2009 graduate of the University Of San Diego School of Law. Lawrence Spasojevich was admitted to the New York State Bar in 2011, admitted to the United States District Court, Southern District of New York in 2018, and admitted to the United States District Court, Eastern District of New York in 2018. Ninety percent (90%) of Lawrence Spasojevich's case load concentrates on wage and hour matters, either individual, multi-plaintiff, or collective actions, in the Eastern District of New York, Southern District of New York, and New York State Courts. Prior to joining JFS, Lawrence Spasojevich was an Assistant General Counsel, Level III at the Office of the Mayor, Office of Labor Relations for the City of New York where he was involved in wage and hour disputes, FMLA actions, and collective bargaining.

Plaintiff's attorneys also seek an hourly rate of $350.00 for Joshua Eidsvaag, an attorney with law Offices of James F. Sullivan, P.C. Joshua Eidsvaag is a 2014 graduate of New York Law School. Joshua Eidsvaag was admitted to the New York State Bar in 2015, admitted to the United States District Court, Southern District of New York and to the United States District Court, Eastern District of New York in 2019. Joshua Eidsvaag has been in private practice since being admitted to the New York State Bar. Joshua Eidsvaag's primary concentration is in litigation of personal injury, employment, insurance and contract cases.

*   *   *   *

Based on the foregoing, the Parties jointly respectfully request the Court grant their motion for settlement approval in its entirety.

We thank the Court for its attention to this matter.

Respectfully,

*James F. Sullivan*

James F. Sullivan, Esq.
*Attorney for Plaintiff*


*Carter Qi*

Carter Qi
*Attorney for Defendant*
