UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Kurell Brown,

       *Plaintiff*,

   -*against*-

DCD Construction, LLC, Denis Portaev, Aleksei Karpov and Evgney Makarin,

       *Defendants*.
-----------------------------------------------------------------X

Case No.: 19-cv-04892

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Kurell Brown ("Plaintiff") on the one hand, DCD Construction, LLC, and Denis Portaev, Aleksei Karpov and Evgney Makarin (together, the "Defendants"), on the other hand. Plaintiff and Defendants together are the "Parties."

  WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 19-cv-04892 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

  WHEREAS, Defendants deny violations of federal and state wage and hour and overtime laws; and

  WHEREAS, the Parties desire to resolve all disputes between Plaintiff on the one hand and Defendants on the other, without the necessity of further litigation.

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (subject to the terms of Section 2 herein), including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixteen Thousand Dollars and No Cents ($16,000.00) (the "Settlement Amount") to be paid as follows:

    **A. Aleksei Karpov shall pay the sum of $2,000.00 within 5 days of Cheeks approval as follows:**

    **A bank check, money order or certified check in the amount of two thousand Dollars and zero Cents ($2,000.00) made payable to "Kurell**

  Brown,".

 B. **Evgeny Makarin shall pay the sum of $2,000.00 within 5 days of Cheeks approval as follows:**

  A **bank check, money order or certified check** in the amount of two thousand Dollars and zero Cents ($2,000.00) made payable to "Kurell Brown,".

 C. **Denis Portaev shall pay the sum of $12,000.00 in four (4) equal installments of $3,000.00. The first payment shall be made within 5 days of Cheeks approval and the subsequent three (3) $3,000.00 payments shall be made every thirty (30) day until paid in full. In the event Cheeks approval is not obtained on or before November 12, 2022, Defendant Denis Portaev shall make payment to Plaintiff for each thirty (30) day period that passes within five (5) days of Cheeks approval.**

  (a) Installments One through Four are payable as follows:

   i. A **bank check, money order or certified check** in the amount of One Thousand three hundred thirty-three Dollars and twenty-five Cents ($1,000.00) for payment of attorneys' fees and costs made payable to "Law Offices of James F. Sullivan, P.C."

   ii. A **bank check, money order or certified check** in the amount of two thousand six hundred sixty-six Dollars and seventy-five Cents ($2,000.00) made payable to "Kurell Brown".

  (b) Each installment payment shall be delivered to:

   Law Offices of James F. Sullivan, P.C.
   Attn: James F. Sullivan
   52 Duane Street 7th Floor
   New York, New York 10007

 2. <u>Court Approval</u>. Should the Court not approve the full amount of attorneys' fees jointly agreed to by Plaintiff and Defendants and instead awards a lesser amount of attorneys' fees, the parties agree that this shall not operate to invalidate or otherwise impact this Settlement and that any amount not awarded shall simply reduce the Settlement Payment for attorneys' fees set forth herein.

 3. <u>Tax Treatment</u>. Plaintiff and Defendant agree that each side is responsible for their respective payment of any tax liability for payment made pursuant to the 1099 portion of this settlement. If either side is compelled to make any payments on behalf of the other due to

the 1099 payment, the non-paying party agrees to make the paying party whole for the amount paid upon the non-paying party's behalf.

      4.      <u>Release and Covenant Not To Sue</u>:  In exchange for the payments, promises, and other consideration, mutual obligations and covenants provided in this Agreement, the sufficiency of which is acknowledged, Plaintiff, his heirs, executors, successors, and assigns hereby release Defendants, together with all their former, current and respective members, officers, directors, shareholders, agents, employees, insurers, attorneys, predecessors, successors, subsidiaries, and related entities, collectively referred to as "Released Parties," from all claims, rights, demands, liabilities and causes of action asserted in the Lawsuit and/or which arise out of and relate to the factual allegations and claims asserted in the Lawsuit and could have been asserted in the Lawsuit, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, penalties, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. and/or related New York wage and hour laws alleged to have been violated in the Lawsuit.

      5.      <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement is not and shall not be construed as an admission by Defendants or any of them of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right, or order.

      6.      <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

      7.      <u>Acknowledgments</u>: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

      8.      <u>Notices</u>: Other than as provided in the final paragraph of Section 1 hereof, notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiff:

Law Offices of James F. Sullivan, P.C.
Attn:   James F. Sullivan, Esq.
52 Duane Street 7th Floor
New York, New York 10007
Email: jsullivan@jfslaw.net

To Defendants:

      9.      <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, New York County in any subsequent proceeding to enforce this Agreement.

10. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. Counterparts: To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the dates set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This agreement may also be executed by facsimile or .PDF transmission.

12. Third-Party Beneficiary. Defendants agree and acknowledge that the Law Offices of James F. Sullivan, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Law Offices of James F. Sullivan, P.C. in Section 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Section 2 above as it pertains to that portion of the Settlement Amount allocated to Law Offices of James F. Sullivan, P.C., as determined by a Court of competent jurisdiction, Law Offices of James F. Sullivan, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Law Offices of James F. Sullivan, P.C. is a prevailing party.

13. Affidavit of Confession of Judgment & Default. Prior to the filing of Plaintiff's Motion for Settlement Approval, Denis Portaev shall execute an Affidavit of Confession of Judgment on behalf of himself and **DCD CONSTRUCTION, LLC** for the total amount of Sixteen Thousand Dollars and Zero Cents ($16,000.00) less any payments made by Portaev and DCD CONSTRUCTION, LLC pursuant to this Agreement, in the form attached hereto as Exhibit "A". Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgement bearing original signature, which shall be held in escrow by Plaintiff's counsel.

In the event Defendant Portaev and DCD CONSTRUCTION,LLC are in default of any of the payments required under Section 2 of this Agreement, Plaintiff's counsel shall provide written notice via email to Defendant Portaev of their intent to file the Affidavit of Confession of Judgment. Defendants will have ten (10) calendar days to remedy their default before Plaintiff files the Affidavit of Confession of Judgment. Upon complete satisfaction of all payments set forth in Section 2 of this Agreement, the Affidavit of Confession of Judgement will be deemed null and void, and Plaintiff's counsel will return or destroy (and shall confirm such destruction by email) the original Affidavit of Confession of Judgment to Defendants' counsel, and retain no copies of same.

**KURELL BROWN**

_____
Kurell Brown

Date: 10/04/2022


**DCD CONSTRUCTION, LLC**


_____
By: Denis Portaev


Date: _____


_____
Denis Portaev


Date: _____


_____
Aleksei Karpov


Date: _____


_____
Evgney Makarin


Date: _____

**KURELL BROWN**

_____
Kurell Brown

Date: _____


**DCD CONSTRUCTION, LLC**

_____
By: Denis Portaev

Date: __10/3/2022__

_____
Denis Portaev

Date: __10/3/2022__

_____
Aleksei Karpov

Date: __10/04/2022__

_____
Evgney Makarin

Date: __10/04/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KURELL BROWN,                                    Case No.: 1:19-CV-04892
                        Plaintiffs,
    -against-
DCD CONSTRUCTION, LLC and
DENIS PORTAEV, ALEKSEI KARPOV AND                **AFFIDAVIT FOR JUDGMENT**
EVGNEY MAKARIN,                                  **BY CONFESSION**
                        Defendants.
------------------------------------------------------------X

DENIS PORTAEV, being duly sworn, deposes and says:

1. I am the Individual Defendant named in the above-captioned action (the "Action").

2. I am a resident at _1209 Dekalb Ave, 202, Brooklyn, NY, 11221_ of the County of Kings, State of New York.

3. I am a principal and authorized agent of Defendant, DCD CONSTRUCTION, LLC, named in the Action. Collectively, DCD CONSTRUCTION, LLC and I are referred to herein as Defendants.

4. I am duly authorized to make this affidavit in support of the application of Plaintiff, KURELL BROWN, for the entry of a Judgment by Confession against me and DCD CONSTRUCTION, LLC, jointly and severally, pursuant to the terms of a certain Settlement and Release of Claims Agreement between the Parties (the "Settlement Agreement").

5. I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of New York, State of New York, upon the occurrence of the following events: (i) a Default by Defendants in the timely payment of any portion of the Settlement Amount (defined below) to Plaintiff; (ii) service of a Notice of Default pursuant to the Settlement Agreement; and, (iii) failure of Defendants to cure such Default within the ten-day Cure Period, as defined in the Settlement Agreement.

6. Upon the occurrence of the events set forth in Paragraph 5 above, I hereby confess judgment in favor of Plaintiff, including his heirs, executors, administrators, or assigns, and against Defendants, jointly and severally, for the sum of Sixteen Thousand Dollars and Zero Cents ($16,000.00), less any payments made to date by Defendants pursuant to the Settlement Agreement entered into between the Parties in the Action.

7. This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

    a. In or about September of 2022, Defendants in the Action agreed to pay Plaintiff the total sum of Sixteen Thousand Dollars and Zero Cents ($16,000.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with prejudice, and the Parties thereto executed the Settlement Agreement;

    b. The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 1 of the Settlement Agreement, upon the occurrence of a Default, and following Notice of Default and failure of Defendants to cure such Default within the Cure Period, as defined in the Settlement Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Sixteen Thousand Dollars and Zero Cents ($16,000.00), less any payments made to date, as defined in the Settlement Agreement;

    c. Under the terms of the Settlement Agreement, DENIS PORTAEV agreed to execute the instant Affidavit for Judgment by Confession on behalf of himself and DCD CONSTRUCTION, LLC, to be held in escrow by Plaintiffs' attorneys, Law Office of James F. Sullivan, P.C.;

    d. Plaintiffs agreed that prior to entering any Judgment by Confession, Plaintiffs would serve a written Notice of Default on Defendants' counsel of record in the Action;

    e. Plaintiffs further agreed that such Notice of Default would provide Defendants ten (10) days to cure any such default and that Plaintiffs will not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten-day period.

8. In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, Defendants agree to pay and be

indebted to Plaintiffs for (i) reasonable attorneys' fees and costs incurred in entering and enforcing the Judgment; and, (ii) interest on the Judgment.

9. This Affidavit for Judgment by Confession is not for the purpose of securing Plaintiffs against a contingent liability nor is it based upon a consumer credit transaction.

10. Entry of Judgment herein may be made upon the submission of an Affidavit by Plaintiffs, or their counsel, stating that a Default has occurred under the terms of the Settlement Agreement, that Plaintiffs have served a Notice of Default upon Defendants' counsel of record in the Action, and that Defendants have failed to cure the Default within the Cure Period, and properly setting forth the Judgment Amount, less any payments made.

Dated: __November 15__, New York, 2022

_____
DENIS PORTAEV, individually, and on behalf of DCD CONSTRUCTION, LLC

STATE OF NEW YORK ) 
) ss.:
COUNTY OF __Kings__ )

On __15 November__, 2022, before me personally came DENIS PORTAEV, to me known, and known to me to be the individual described herein, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

BILQIS B. SUMMERS
Notary Public - State of New York
No. 01SU6385183
Qualified in Kings County
My Commission Expires Dec. 31, 2022